UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
AXAR MASTER FUND, LTD. and MAN GLG
SELECT OPPORTUNITIES MASTER LP,

        Plaintiffs,

        -against-

BRYAN K. BEDFORD, et al.,

        Defendants.
------------------------------------------------x

17-cv-0426 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/19

## MEMORANDUM OPINION

Appearances:

    Geoffrey Coyle Jarvis
    Nathan Hasiuk
    Sharan Nirmul
    KESSLER TOPAZ MELTZER & CHECK, LLP

    *Attorneys for Plaintiffs*

    Jay B. Kasner
    Scott D. Musoff
    Tansy Woan
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on plaintiffs' motion to amend the judgment or, alternatively, set aside the judgment that granted defendants' motion to dismiss the complaint and for leave to file an amended complaint. Plaintiffs' motion is denied.

*Facts*

The Court assumes familiarity with its opinion granting defendants' motion to dismiss the complaint (the "Opinion") for a fuller discussion of the history of this case.[1] For present purposes, the Court discusses only the background necessary for this motion.

*A.   Procedural Posture*

The Court granted defendants' motion to dismiss the complaint for the principal reasons that plaintiffs failed adequately to allege (1) that the defendants made an untrue statement of material fact or a material omission, and (2) loss causation resulting from defendants' alleged misconduct.

Plaintiffs now submit a proposed amended complaint ("PAC") containing additional allegations which, they claim, cures the deficiencies of their initial complaint.[2] They claim also that, for a variety of reasons, the Court should amend the judgment dismissing the original complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) or, alternatively, vacate the judgment pursuant to FRCP 60(b), and grant leave to file the PAC.

Defendants argue that plaintiffs have failed to satisfy the standards for amending or vacating a judgment and that the Court therefore should not consider whether amending the complaint would be appropriate pursuant to FRCP 15(a). Defendants contend further that the Court

---

[1] *Axar Master Fund, Ltd. v. Bedford*, 308 F.Supp.3d 743 (S.D.N.Y. 2018).

[2] DI 39-1.

should deny leave to amend because the proposed amendment would be futile.

Ultimately, we need not decide whether the judgment should be amended or vacated because the additional allegations contained in the PAC do not cure the deficiencies the Court found in the original complaint.[3]

B.  *The Original Allegations of Material Misrepresentations and/or Omissions*

The Court considered a number of allegedly materially false or misleading statements made by defendants, which divide into three categories. The *first* category involved assertions that Republic's codeshare partners all had agreed to allow Republic to reduce its flying hours. The *second* involved statements that Republic was not in breach of contract. The *third* involved (i) statements concerning the merits of Delta's breach of contract action, and (ii) failing to disclose Republic's potential liability in violation of FASB Accounting Standards Codification 450 and Item 303 of SEC Regulation S-K.

C.  *The Additional Allegations of Material Misrepresentations and/or Omissions*

The first additional allegation contained in the PAC regarding material misrepresentations and/or omissions concerns testimony given in the Republic bankruptcy by defendant Joseph Allman, Republic's chief financial officer. Mr. Allman there testified that Republic was not performing under its codeshare agreement with Delta beginning in February 2015. Specifically, Mr. Allman stated, in relevant part: "[w]ell, there are several risks under the litigation.

---

[3] "[L]eave to amend a complaint need not be granted when amendment would be futile." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (citation omitted).

We weren't performing and the breach of performance began all the way back to February 2015. So certainly that's one issue on whether we had valid defenses against those breach of performance."[4]

The other additional new allegations contained in the PAC regarding material misrepresentations and/or omissions are statements made by Judges Lane and Forrest in the bankruptcy, specifically:

*First*, Judge Lane's statements that the "debtors failed to honor their contractual obligation to provide certain flying to Delta under the parties' agreements," which failure "started in February 2015" and was "undisputed."[5]

*Second*, Judge Forrest's statements that "[i]n February 2015, Republic began to reduce its flying for Delta in violation of its agreements, and has subsequently continued to commit additional breaches of its agreements" and that "Delta has in fact suffered significant damages as a result of the Debtor's underperformance or non-performance of its contractual obligations."[6]

*Third*, Judge Lane's statements casting doubt on Republic's *force majeure* defense in the Delta litigation and his conclusion that such a defense was "far from assured."[7]

*Discussion*

---

[4] DI 39-1 at ¶ 75.

[5] *Id.* at ¶ 77.

[6] *Id.* at ¶ 80.

[7] *Id.* at ¶ 78.

A.  *Mr. Allman's Testimony*

Plaintiffs argue that Mr. Allman's testimony that "[w]e weren't performing and the breach of performance began all the way back to February 2015" directly contradicts an earlier statement that he made on an earnings call on August 7, 2015, in which he stated that "everybody has been performing under the contract." Plaintiffs assert also that the Court did not address Mr. Allman's earnings call statement in the Opinion.[8] Plaintiffs are wrong in both respects.

*First*, Mr. Allman's testimony that Republic was not performing does not contradict his earlier statement that "everybody has been performing" because, in context, the word "everybody" referred to Republic's codeshare partners, and not to Republic itself. The full transcript of the exchange demonstrates the meaning of Mr. Allman's statement beyond question. On the earnings call, a Deutsche Bank analyst asked if "everything is copacetic as it relates to receiving payments from *your major carriers*," to which Mr. Allman responded "[g]ood question . . . [e]verybody has been performing under the contract."[9]

*Second*, not only did the Court address this statement in the Opinion, but in doing so the Court specifically explained that "everybody" referred to Republic's codeshare partners. In its description of the facts, the Court wrote: "[r]eferring to *Republic's Codeshare Partners*, [Mr. Allman] stated, "[e]verybody has been performing."[10] In any event, plaintiffs fail to allege a materially false statement by comparing Mr. Allman's testimony that Republic was not performing

---

[8] DI 38 at 9.

[9] DI 39-1 at ¶100 (emphasis added).

[10] *Axar Master Fund, Ltd.*, 308 F.Supp.3d at 749 (emphasis added).

and his previous statement indicating that Republic's codeshare partners were performing.

Nor does Mr. Allman's bankruptcy court testimony render any of the defendants' other statements in which they claimed that they were not in breach of contract materially false when they were made. While Mr. Allman stated in the bankruptcy proceeding that Republic had not been "performing and the breach of performance began all the way back to February 2015," he stated in the very next sentence: "[s]o certainly that's one issue on whether we had valid defenses against those breach of performance." Mr. Allman's testimony serves only to strengthen the position that defendants did not believe Republic to be in breach of contract due to the availability of its contractual defenses or its ability to reach consensual understandings with its codeshare partners to avert a breach.

Indeed, in the very same earnings call on August 7, 2015 in which Mr. Allman stated that Republic's codeshare partners were performing, Bryan Bedford, chairman of Republic's board of directors, was questioned by the Deutsche Bank analyst. One question posited, in relevant part: "I assume based on your performance of late that you would be in breach of those contracts and knowing there is a period to cure that potential breach . . ." Mr. Bedford replied: "[w]e are not in breach on any of our agreements. We're not in default under any of the operations [sic], *given the fact that we believe [sic] able to reach consensual understandings with the partners* on some operational reductions over the course of the summer."[11]

B.     *The Statements of Judges Lane and Forrest*

---

[11]    DI 39-1 at ¶ 100 (emphasis added).

Plaintiffs' reliance on the additional statements of Judges Lane and Forrest in the bankruptcy proceeding to cure the deficiencies of their complaint similarly is unavailing. As the Court stated in the Opinion, defendants' statements that Republic was not in breach of contract with its codeshare partners "were statements of opinion rather than fact," and a "party accused of breach could quite honestly believe" that it was not in breach "even if an adversary or court or jury might disagree."[12] Furthermore, and as previously discussed, defendants repeatedly stated that they believed they were not in breach of contract because of their ability to reach consensual understandings with codeshare partners or due to their available defenses under the contracts. The statements of Judges Lane and Forrest do not support an allegation that defendants did not believe their statements to be accurate and grounded on an appropriate basis at the time they were made. At most, Judge Lane commented that one of Republic's defenses was "far from assured" and discussed many arguments as to why that might prove true. But that is insufficient to support an allegation that Republic in fact had no viable defenses or that defendants did not believe there to be viable defenses when the statements were made.

*Conclusion*

Because the PAC fails to cure the pleading deficiencies with respect to material misstatements and/or omissions, the motion is denied.[13] The Clerk shall enter final judgment and

---

[12] *Axar Master Fund, Ltd.*, 308 F.Supp.3d at 755-56.

[13] Notwithstanding plaintiffs' failure adequately to allege a material misstatement and/or omission, their motion is denied also for the separate reason that they have failed to satisfy the requirements of amending or vacating the judgment to permit them to amend the complaint with respect to the additional allegations of loss causation in these circumstances.

close the docket accordingly.

SO ORDERED.

Dated:     March 26, 2019

                                                                                                          Lewis A. Kaplan  
                                                                                                     United States District Judge

---

Plaintiffs seek to cure the loss causation deficiencies by now asserting a theory or artificial inflation of Republic's stock resulting from defendants' allegedly false or misleading statements. DI 39-1 at ¶126. Putting aside whether these additional allegations actually would cure the deficiencies, vacating or amending the judgment would be improper because plaintiffs clearly and unequivocally disclaimed this theory of loss causation in numerous other instances prior to the entry of judgment. For example, in their response to defendants' motion to dismiss, plaintiffs stated that "[d]efendants' assertion that Plaintiffs fail to plead loss causation is based on the flawed premise that Plaintiffs were injured by the artificial inflation of the Company's shares. Because Plaintiffs do not allege 'artificial inflation' or seek application of the 'fraud-on-the-market' doctrine, *Dura* does not apply." DI 31 at 32. Furthermore, when questioned at oral argument, plaintiffs confirmed that they were not pursuing a theory of artificial inflation to show loss causation. DI 43 at 22-27. "The standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Far from overlooking a theory of artificial inflation to show loss causation, plaintiffs repeatedly requested that the Court not consider it. Additionally, vacatur pursuant to FRCP 60(b) based on the presentation of new arguments is available "if ever, only where counsel's failure to raise the argument earlier was 'so egregious and profound that [] [it] amount[ed] to the abandonment of the client's case altogether.'" *Flynn v. Nat'l Asset Mgmt. Agency*, 303 F.R.D. 448, 452 (S.D.N.Y. 2014) (citation omitted). Pursuing an alternative theory of loss causation prior to the entry of judgment certainly did not amount to an abandonment of plaintiffs' case altogether.